15-3520
Weng v. Lynch

Gordon-Uruakpa, IJ
A205 027 301

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of December, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

YUQUAN WENG,
> *Petitioner,*

> v.                                    15-3520
>                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Kai W. De Graaf, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; John S.
                         Hogan, Assistant Director; Daniel E.
                         Goldman, Senior Litigation Counsel,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yuquan Weng, a native and citizen of the People's Republic of China, seeks review of an October 7, 2015 decision of the BIA, affirming an April 10, 2014 decision of an Immigration Judge ("IJ") denying Weng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Yuquan Weng,* No. A205 027 301 (B.I.A. Oct. 7, 2015), *aff'g* No. A205 027 301 (Immig. Ct. N.Y.C. Apr. 10, 2014).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA.  *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  The dispositive issue before us is whether Weng demonstrated past persecution or a well-founded fear of future persecution.

## I. Past Persecution

It is undisputed that Weng was not eligible for relief solely based on the family planning measures (insertion of an IUD and an abortion) to which his wife was subjected. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007). Weng could qualify for asylum, however, by demonstrating that (1) he engaged in "other resistance" to the family planning policy; and (2) as a direct result of that resistance, he suffered harm rising to the level of persecution or had a well-founded fear of suffering such harm. *See* 8 U.S.C. § 1101(a)(42); *Shi Liang Lin*, 494 F.3d at 313; *see also Matter of J-S-*, 24 I. & N. Dec. 520, 523 (A.G. 2008).

The agency did not err in concluding that Weng failed to demonstrate that he suffered harm rising to the level of persecution. Past persecution can be established by harm other than threats to life or freedom, including non-life-threatening violence and physical abuse, *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe, rising above "mere harassment," to meet that standard. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.

3

2006).  Weng's testimony regarding past persecution rested on one incident with family planning officials, in which (as he recounts) they punched and kicked him and detained him for one day.  On cross-examination, Weng clarified that he was beaten for "[o]nly a little bit of time" until officials could handcuff him, and that he suffered bruises on his leg and back.  This evidence does not compel the conclusion that the harm Weng suffered was sufficiently severe to constitute persecution. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) ("[Petitioner] failed to establish past persecution because substantial evidence supports the BIA's finding that, *prior* to his arrest and detention by local police, he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect.").  Accordingly, the agency reasonably determined that Weng was not persecuted in the past. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" (quoting *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005))).

4

## II.  Well-Founded Fear of Future Persecution

The agency's determination rejecting Weng's asserted fear of future persecution is also sound.  Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b).  Such an asserted fear must be both subjectively credible and objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

To the extent the agency concluded that Weng's fear of his or his wife's sterilization was speculative because it was based on the possibility that his wife will become pregnant, it erred. In *Rui Ying Lin v. Gonzales*, 445 F.3d 127 (2d Cir. 2006), we vacated the agency's finding that petitioner's claimed fear of forced sterilization was speculative.  Petitioner there already had two children, planned to have more, went to great lengths to avoid being sterilized in China, and had her IUD removed in the United States.  We commented that "[i]n the absence of some proof of [petitioner's] infertility, it is not clear what is speculative about her desire to have more children

or her ability to do so." 445 F.3d at 136. Weng's case presents similar circumstances: although Weng and his wife have only one son, Weng testified that he and his wife "really want to have another child," and, in fact, Weng's wife became pregnant with a second child after removing her IUD, but the pregnancy was terminated at the instance of family planning officials.

Here, however, unlike in *Lin*, the IJ also concluded that Weng failed to show that his fear of sterilization was objectively reasonable. In so concluding, the IJ relied on the 2013 State Department Country Report, which advises that the majority of families in China are eligible to have more than one child. In light of this report and because Weng has only one child, the IJ concluded that Weng's fear of sterilization is not objectively reasonable. The IJ further based her conclusion on the Report's statement that violations of family planning policies vary between regions and its failure to identify any incidents of sterilization of the sort Weng feared in Weng's home province of Fujian.

We find no error in the IJ's determinations in this regard. Weng does not challenge the agency's reliance on the 2013 State

6

Department Report in his opening brief. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Accordingly, and because the IJ's finding "is tethered to the evidentiary record," we "accord deference to the finding." *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007).

Further, Weng cites no record evidence to support his conclusory assertion that his fear of persecution under the family planning policy is objectively reasonable. Rather, as grounds for his fear, he asserts that Chinese law penalizes failures (like his wife's) to submit to a pregnancy examination; he argues that local family planning officials are empowered to broadly implement "remedial measures" to "stop" violators of family planning laws; and he cites "Article 2" of Fujian Province law, which Weng says states that "both husband and wife are under the obligation to practice family planning." He cites no evidence, however, that similarly situated individuals face persecution in Fujian Province. Instead he asserts that his bad "track record" with family planning officials makes it "more probable than not" that he will be targeted. This is

insufficient to establish a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(a), (b)(1) (burden rests on applicant to establish well-founded fear in absence of past persecution); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142-43, 148 (2d Cir. 2008) (noting that applicants must demonstrate that violation of family planning policy would be punished in local area so as to give rise to objectively reasonable fear of persecution).

The agency thus reasonably found that Weng failed to demonstrate past persecution or a well-founded fear of future persecution on account of the family planning policy. Because all three claims are based on the same factual predicate, it reasonably denied him asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

8

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk